**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **COREY ALAN BENNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:18-cv-00619** |
| | ) | |
| **DONNA TURNER, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff Corey Alan Bennett ("Bennett"), an inmate at the Riverbend Maximum Security Institute ("RMSI") in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in this Court without prepaying fees and costs (Doc. No. 2). For the following reasons, the Court concludes that Bennett is the only plaintiff in this action, he may not proceed in forma pauperis, and this action will be dismissed.

As an initial matter, Bennett names another prisoner as a plaintiff in the action. Andrew Jones, an inmate at the Turney Center Industrial Complex in Only, Tennessee, is listed as a plaintiff in the caption of the complaint (Doc. No. 1 at 1), on the list of parties (*id.* at 2), and on the application to proceed in forma pauperis (Doc. No. 2 at 1). A signature corresponding to the name "Andrew Jones" also appears on the complaint (Doc. No. 1 at 11) and the in forma pauperis application (Doc. No. 2 at 5). As explained in the Court's previous Order, however, it appeared unlikely that Jones actually signed the complaint. (Doc. No. 4 at 1–2.) Accordingly, the Court requested that Jones inform the Court whether he signed the complaint and agreed to be a plaintiff in this case. (*Id.* at 2.) Jones then filed a notice stating that he "unequivocally and vehemently

denies" signing the complaint. (Doc. No. 6 at 1.) The Clerk is therefore **DIRECTED** to update the docket to reflect that Corey Alan Bennett is the only plaintiff in this case.

As to Plaintiff's in forma pauperis application, the Court has repeatedly notified Plaintiff that he is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).[1] That provision bars a prisoner from filing a complaint in forma pauperis—that is, without prepaying the full filing fee— if he has previously filed three or more cases in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. A prisoner who falls within the scope of § 1915(g) must pay the full $400.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Pointer v. Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007).

To qualify for this imminent-danger exception, a prisoner "need[ ] only to assert allegations of imminent danger; he need not affirmatively prove those allegations at this stage of litigation." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012)). But the Court is not required to accept uncritically a prisoner's allegations of imminent danger as credible. A prisoner must "show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Id.* (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). The Sixth Circuit has specifically noted "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are

---

[1] This Court informed Plaintiff that he is subject to the "three-strikes" provision no later than August 2014. *See Bennett v. R.M.S.I. Trust Fund Dep't et al.*, Case No. 3:14-cv-01691, Doc. No. 3. The Eastern District of Tennessee informed Plaintiff of the same thing in November 2013, *see Bennett v. Jones, et al.*, Case. No. 3:13-cv-00626 (E.D. Tenn. Nov. 12, 2013), as did the Western District of Tennessee in May 2014. *See Bennett v. Roberts, et al.*, Case. No. 1:14-cv-01113 (W.D. Tenn. May 21, 2014).

clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Id.* (quoting *Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008)).

Here, Plaintiff alleges that, after he reported being sexually assaulted by a gang member at RMSI, that gang member started harassing and extorting his family members. (Doc. No. 1 at 8–10.) Plaintiff also alleges that RMSI staff failed to respond to Plaintiff's repeated requests to investigate the matter. (*Id.*) Taken at face value, Plaintiff's allegations of sexual assault would likely qualify him for the imminent-danger exception of § 1915(g). Based on the Court's "judicial experience and common sense," see *Vandiver*, 727 F.3d at 585, however, the Court cannot accept Plaintiff's allegations of imminent danger as true in this case because Plaintiff's record in this Court reflects his pending allegations are simply not credible.

For example, from June 29, 2017 to November 20, 2017, Plaintiff filed seven complaints in this Court alleging ongoing sexual abuse and beatings by prison staff.[2] One of these seven complaints also alleged that at a gang member at RMSI attempted to have Plaintiff's family members killed, and succeeded in having Plaintiff's grandmother killed. *See Bennett v. Cooper, et al.*, Case No. 3:17-cv-01467, Doc. No. 1 at 5–7, 9–13. On February 26, 2018, Magistrate Judge Newbern held a consolidated hearing in the seven cases. The Court appointed Plaintiff counsel for the limited purpose of representing him at the hearing. *See, e.g.*, *id.*, Case No. 3:17-cv-01467, Doc. No. 15 at 2. At the hearing, Plaintiff moved to voluntarily dismiss all seven actions with prejudice. *See, e.g.*, *id.*, Case No. 3:17-cv-01467, Doc. No. 38 at 2. Magistrate Judge Newbern entered a Report and Recommendation, recommending the Court grant Plaintiff's motions, but

---

[2] *See Bennett v. Sherrell, et al.*, Case No. 3:17-cv-00992; *Bennett v. Mosley, et al.*, Case No. 3:17-cv-01058; *Bennett v. Turner, et al.*, Case No. 3:17-cv-01061; *Bennett v. Collins, et al.*, Case No. 3:17-cv-01174; *Bennett v. Parker, et al.*, Case No. 3:17-cv-01176; *Bennett v. Gretta, et al.*, Case No. 3:17-cv-01416; *Bennett v. Cooper, et al.*, Case No. 3:17-cv-01467.

noting that Plaintiff "ha[d] admitted in various ways that [the allegations in his seven pending actions] were without merit, and the Court will consider that history in its evaluation of any future actions [Plaintiff] might file."[3]  *See, e.g., id.*, Case No. 3:17-cv-01467, Doc. No. 38 at 6.  Plaintiff did not file objections to the Report and Recommendation.  The Court then adopted the Report and Recommendation, and dismissed those seven actions with prejudice.[4]

Thus, Plaintiff's allegations in this case are of a similar nature to allegations that he has previously admitted to be without merit.  In light of Plaintiff's documented history of filing meritless lawsuits similar to the one currently before the Court, the Court concludes that Plaintiff's allegations of imminent danger are "fantastic or delusional and rise to the level of irrational or wholly incredible."  *See Vandiver*, 727 F.3d at 585.  Accordingly, Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is **DENIED**.

The Court's determination that Plaintiff's allegations do not entitle him to the imminent-danger exception of § 1915(g) applies only to this case.  The Court will evaluate any other complaint in accordance with the appropriate statutory requirements.  Moreover, the Court must consider Plaintiff's complaint in this or any other civil action if he pays the full filing fee of $400.00, as all plaintiffs who are not granted in forma pauperis status must do.

---

[3] Plaintiff also admitted fabricating allegations of sexual assault in a case filed in August 2015.  There, he alleged, among other things, that prison officials severely beat him and allowed another inmate to sexually assault him on a near-daily basis.  *Bennett v. Brown, et al.*, Case. No. 3:15-cv-00937, Doc. No. 1 at 7–11.  Magistrate Judge Brown held a hearing in December 2015, at which Plaintiff stated he has "mental health problems," and "the only way to cope . . . with [his] frustration . . . is [to] file . . . frivolous lawsuits[.]"  *Id.*, Case No. 3:15-cv-00937, Doc. No. 50 at 13.  The Court adopted a Report and Recommendation recommending the action be dismissed as frivolous.  *Id.*, Case No. 3:15-cv-00937, Doc. No. 59.

[4] *See Bennett v. Sherrell, et al.*, Case No. 3:17-cv-00992, Doc. No. 82; *Bennett v. Mosley, et al.*, Case No. 3:17-cv-01058, Doc. No. 108; *Bennett v. Turner, et al.*, Case No. 3:17-cv-01061, Doc. No. 75; *Bennett v. Collins, et al.*, Case No. 3:17-cv-01174, Doc. No. 92; *Bennett v. Parker, et al.*, Case No. 3:17-cv-01176, Doc. No. 92; *Bennett v. Gretta, et al.*, Case No. 3:17-cv-01416, Doc. No. 50; *Bennett v. Cooper, et al.*, Case No. 3:17-cv-01467, Doc. No. 39.

Plaintiff has demonstrated through his in forma pauperis application and many previous filings in this Court that he is indigent, thus granting him 30 days in which to submit the $400.00 filing fee would be futile. Accordingly, this action is **DISMISSED** without prejudice for failure to submit the filing fee with the complaint. Plaintiff may, however, file a motion to alter or amend judgment accompanied by the full $400.00 filing fee within 28 days of entry of this Order. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is a final order for purposes of Rule 58 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE